## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

_____

| | |
|---|---|
| NORA DENT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. <u>07-2238</u> Ma/P |
| | ) |
| MICHAEL J. ASTRUE, COMMISSIONER | ) |
| OF SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

_____

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT
_____

Before the court by order of reference is plaintiff Nora Dent's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed on April 18, 2008. (D.E. 16). Defendant Michael J. Astrue, Commissioner of Social Security, filed a response on May 16, 2008. Dent filed her reply on May 25, 2008. For the reasons below, the motion is GRANTED in part and DENIED in part.

### I. BACKGROUND

On May 21, 2004, Dent applied for disability benefits claiming that she had become unable to work due to congestive heart failure, carpal tunnel syndrome, and human immunodeficiency virus ("HIV") infection. Her claim was denied initially and upon reconsideration. Dent then requested a hearing before an

Administrative Law Judge ("ALJ").  On August 24, 2006, the ALJ issued an unfavorable decision denying Dent's request for disability benefits.  Dent appealed the ALJ's decision to the Social Security Appeals Council ("Appeals Council").  On January 31, 2007, the Appeals Council denied Dent's request for review of the ALJ's decision.

On April 4, 2007, Dent filed suit in this court seeking judicial review of the ALJ's decision.  On  March 6, 2008, the undersigned recommended that the Commissioner's decision be remanded for further proceedings.  On March 23, 2008, Dent filed a motion to adopt the report and recommendation, and on March 26, 2008, the district court adopted the report and recommendation and remanded the case.  On April 18, 2008, Dent filed this motion for attorneys' fees.

Dent seeks an award of attorneys' fees totaling $7,631.25,[1] pursuant to the EAJA, 28 U.S.C. § 2412(d), to cover the cost of pursuing judicial review of a decision by the Commissioner denying her claims for disability insurance and Supplemental Security Income benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq. and 42 U.S.C. §§ 1381 et seq.  Dent

---

[1]Although Dent requests $7,218.75 for 57.75 hours of work in her motion, the total hours included in the Itemized Statement of Attorney Time submitted with her motion is 56.05.  She requests five additional hours in her reply for time devoted to defending the fee petition, making the total number of hours requested 61.05. At the requested hourly rate of $125.00, the total award Dent seeks is $7,631.25.

argues that her attorneys are entitled to compensation for 61.05 hours of work devoted to her Social Security appeal.  Both of Dent's attorneys, William Ryan and Robert Donati, seek hourly rates of $125.00.

The Commissioner does not dispute that Dent is entitled to attorneys' fees under the EAJA, but he argues that the fee sought is unreasonable because the attorneys spent an excessive amount of time working on this case.  Specifically, the Commissioner argues that (1) Dent's attorneys exceeded the number of hours typically approved by courts in Social Security cases under the EAJA; (2) the fee request exceeds the average amount awarded under the EAJA in the Western District of Tennessee; (3) Dent's attorneys spent an excessive amount of time preparing her brief and reply; (4) Dent's attorneys should not be compensated for time spent preparing the motion to adopt the report and recommendation because such a motion was unnecessary; (5) Dent's attorneys should not be compensated for the March 6, 2007, time entry that appears to be included in the time index by mistake; and (6) Dent's attorneys should not be compensated for the time they spent preparing their fee petition since the amount they seek is unreasonable.

## II.  ANALYSIS

Eligibility for attorneys' fees under the EAJA[2] requires

_____

[2]The EAJA states that

Except as otherwise specifically provided by statute, a

-3-

> (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

Comm'r, Immigration and Naturalization Serv. v. Jean, 496 U.S. 154, 158 (1990); Townsend v. Soc. Sec. Admin., 486 F.3d 127, 129-30 (6th Cir. 2007); Hickle v. Astrue, No. 3:06-CV-488, 2008 WL 305013, at *2 (E.D. Tenn. Jan. 31, 2008); 28 U.S.C. § 2412(d). If a court determines that an EAJA attorneys' fee award is warranted, it must then determine whether the amount sought is reasonable. Hickle, 2008 WL 305013, at *4. Reasonable attorneys' fees "are the number of hours reasonably expended times a reasonable hourly rate." Wright v. Astrue, No. 06-13252, 2008 WL 878795, at *2 (E.D. Mich. March 28, 2008); Hickle, 2008 WL 305013, at *4. Under the EAJA, attorneys' fees "are limited to the sum of $125.00 per hour 'unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.'" Martin v. Comm'r,

---

> court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Soc. Sec. Admin., 82 Fed. Appx. 453, 456 (6th Cir. 2003); 28 U.S.C. § 2412(d)(2)(A); see also Carlisle v. Barnhart, No. 3:05CV0238, 2008 WL 420032, at *3 (S.D. Ohio Feb. 14, 2008); Hickle, 2008 WL 305013, at *4. In addition, the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). In determining the reasonableness of the award sought, a court may consider "whether the case presents issues of significant novelty or difficulty; the experience, reputation, and abilities of counsel; the results obtained; and awards in similar cases." Wright, 2008 WL 878795, at *2. The court should "exclude all time that is excessive, redundant, or inadequately documented." Wright, 2008 WL 878795, at *2; Hickle, 2008 WL 305013, at *4. The party seeking attorneys' fees "has the burden of demonstrating the reasonableness of hours by providing a detailed documentation of the hours, and the opposing party has the burden of providing evidence against this reasonableness." Hickle, 2008 WL 305013, at *4.

The only dispute at issue concerns the reasonableness of the number of hours spent by Dent's counsel on her Social Security appeal. First, the Commissioner argues that Dent's attorneys exceeded the typical number of hours approved by courts in Social Security cases, which the Commissioner contends is between twenty and forty hours, and that the fee requested exceeds the "average amount" of $2,951.16 awarded under the EAJA in this district. The

amount of an attorneys' fee, however, must be decided on the facts of each case.  Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). Here, the hourly rate requested by Dent's attorneys, $125.00, is within the statutory guidelines, is in line with the prevailing market rate, and is not challenged by the Commissioner.  Moreover, this court has awarded fees in excess of the "average amount" when warranted.  Riley v. Astrue, No. 07-2191 (W.D. Tenn. April 21, 2008) (awarding $7,481.25 in attorneys' fees under the EAJA); Cowans v. Astrue, No. 07-2190 (W.D. Tenn. Dec. 27, 2007) (awarding $6,662.50 in attorneys' fees under the EAJA); Lamb v. Massanari, No. 01-2264-GV, 2001 WL 1910060, at *1 (W.D. Tenn. December 12, 2001) (awarding $3,460.63 in attorneys' fees under the EAJA).

Next, the Commissioner argues that Dent's attorneys spent an excessive amount of time preparing her brief and reply.  Dent's attorneys spent 27.5 hours preparing Dent's brief and 17.2[3] hours preparing her reply.  Although the issues presented by Dent in her brief were not novel or particularly complex, Dent's attorneys had a duty to adequately review the record, which was 576 pages long, and effectively prepare her brief, which was fact intensive.  See Carlisle, 2008 WL 420032, at *3; Hickle, 2008 WL 305013, at *5.  In addition, Dent's attorneys did not represent her at the administrative level, and thus they had no prior familiarity with

---

[3]The Commissioner states that 17.25 hours were spent by Dent's attorneys on her reply.  The court finds, however, that 17.2 hours were spent on the reply.

her case.  Therefore, the court finds that the 27.5 hours spent on preparing Dent's brief was reasonable.

The number of hours spent preparing Dent's reply, however, was slightly excessive.  Although the twenty-page reply was lengthy, it substantially reiterated the arguments made in her opening brief. Therefore, the court finds that the time spent preparing Dent's reply should be reduced from 17.2 to 10.0 hours.

The Commissioner also argues that the total of 0.7 hour spent preparing and filing a Motion to Adopt the Report and Recommendation was excessive and unnecessary.  Under 28 U.S.C. § 636(b)(1)(C), the parties have ten days from entry of a Magistrate Judge's report and recommendation to file objections or exceptions to the report and recommendation.  Dent filed her motion to adopt the report and recommendation almost three weeks after the report and recommendation was entered in this case.  Although neither party had filed any objections or exceptions, the court finds that it was not unreasonable for Dent under the circumstances to file a motion for the court to adopt the report and recommendation.

Next, the Commissioner argues, and Dent concedes, that the March 6, 2007, entry for 2.4 hours relating to "Review Response, Research Hallex/Rulings literacy and check Response cited sources, Draft Reply," was included in the itemized time statement by mistake.  Therefore, the court will reduce the total attorneys' fee award by 2.4 hours.

Finally, the Commissioner asserts that Dent's attorneys should not be compensated for the time they spent preparing their fee petition. Courts may award attorneys' fees for time spent preparing an EAJA fee petition, even if portions of the fee sought are not awarded. See Stanfield v. Apfel, 985 F. Supp. 927, 930 (E.D. Mo. 1997) (reducing number of hours awarded to thirty, which included time devoted to the EAJA fee petition). Therefore, the court will award Dent's attorneys the five hours they reasonably spent preparing and defending the fee petition.

In sum, the court finds that an EAJA award based on 51.45 hours at $125.00 per hour is reasonable in this case.

## III. CONCLUSION

For the reasons above, the motion is GRANTED in part and DENIED in part. Dent's attorneys are hereby awarded $6,431.25 in fees based on 51.45 hours of work.

IT IS SO ORDERED.

s/ Tu M. Pham
_____
TU M. PHAM
United States Magistrate Judge


May 30, 2008
_____
Date